Argued and submitted March 16, ballot title certified April 6, 2000

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S47229)

998 P2d 1258

Steven Novick, Portland, petitioner *pro se*, argued the cause and filed the petition.

Kaye E. McDonald, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

Leeson, J., specially concurred and filed an opinion in which Van Hoomissen, J., joined.

## GILLETTE, J.

This is a ballot title review proceeding concerning the Attorney General's certified ballot title for a proposed initiative measure, denominated Initiative Petition 114 (2000). Petitioner is an elector who timely submitted written comments concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review in this court. *See* ORS 250.085(2) (setting that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035 (1997). *See* ORS 250.085(5) (setting out standard of review). For the reasons that follow, we conclude that it does.

The proposed measure would amend the Oregon Constitution by adding the following section to Article IX:

"Notwithstanding any other measure passed in the same election, a proportional, voter-approved tax cut, including an increase in an allowed deduction or subtraction from income, shall not be invalidated because it benefits middle class or above taxpayers."

The Attorney General certified the following ballot title for the proposed measure:

"AMENDS CONSTITUTION: PROHIBITS INVALIDATING PROPORTIONAL VOTER-APPROVED TAX CUTS FOR SPECIFIED REASONS

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits invalidating proportional, voter-approved tax cuts because middle-, upper-class taxpayers benefit.

"RESULT OF 'NO' VOTE: 'No' vote leaves constitution without provision prohibiting invalidation of certain proportional, voter-approved tax cuts.

"SUMMARY: Amends constitution. The constitution now says nothing about the invalidation of proportional, voter-approved tax cuts. The measure would prohibit invalidating any proportional, voter-approved tax cut, including an increase in an allowed deduction or subtraction from income, because it benefits taxpayers in the middle class or above. The measure would apply notwithstanding any

other measure passed in the same election. The measure does not define 'proportional, voter-approved tax cut.'"

As applied to the present proceeding,[1] ORS 250.035 (1997) requires that a ballot title contain a caption of not more than 10 words that "reasonably identifies the subject matter" of the proposed measure, ORS 250.035(2)(a) (1997), a "yes" result statement containing a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved," ORS 250.035(2)(b) (1997), a "no" result statement containing a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected," ORS 250.035(2)(c) (1997), and a summary that is a "concise and impartial statement of not more than 85 words summarizing the state measure and its major effect, ORS 250.035(2)(d) (1997).

Petitioner challenges the caption, the "yes" result statement, and the summary of the Attorney General's certified ballot title. Ordinarily, we would analyze each of those challenges separately, because of the different statutory criteria applicable to each. In this case, however, petitioner's challenge to each is based on a single premise. We therefore discuss that premise, rather than the separate components of the ballot title.

Petitioner argues that the proposed measure "purports to protect 'proportional' tax cuts- but it also states that such 'proportional' tax cuts include 'an increase in an allowed deduction or subtraction from income.'" Petitioner then notes that "[a]n increase in a deduction or subtraction * * * can yield a tax cut which is not proportional at all, by any standard." It follows, petitioner reasons, that, "to accurately

---

[1] The 1999 Legislature amended ORS 250.035(2) in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present proposed measure is one of those to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035(2) (1997).

describe the measure, [the ballot title] should focus on the specific types of tax cuts which the measure actually identifies, rather than the adjective 'proportional,' which the measure employs in misleading fashion."

"Proportional" means "being in proportion: corresponding in size, degree, or intensity" or "having the same or a constant ratio." *Webster's Third New Int'l Dictionary*, 1819 (unabridged ed 1993). It is true, as petitioner asserts, that many imaginable forms of "deduction[s] or subtraction[s] from income" might not prove to be "proportional," *i.e.*, to have "the same or a constant ratio" or to "correspond[ ] in size, degree, or intensity" among various taxpayers. But that part of petitioner's premise will not carry the weight of the rest of his argument.

The proposed measure does not purport to speak to all forms of deductions or subtractions from income; if it did, then it would have used a conjunction, "and," rather than using the word "including" (the present participial form of the verb "include"), in the subordinate clause in the sentence in question. "Include" means "to place, list, or rate as a part or component of a whole or of a larger group, class, or aggregate." *Webster's Third New Int'l Dictionary* at 1143. When placed in the subordinate clause, "including" indicates that those things listed fit the description in the independent clause that precedes the subordinate clause—in this case, "proportional" voter-approved tax cuts. It follows that the proposed measure refers only to those deductions or subtractions from income that fit the description in the independent clause, *i.e.*, those that truly are "proportional."

The foregoing demonstrates that petitioner's challenge to the Attorney General's certified ballot title is premised on an assumption concerning the sweep of the proposed measure that we do not find supportable under its plain wording. Petitioner's argument therefore fails. We certify the following ballot title to the Secretary of State for Initiative Petition 114:

AMENDS CONSTITUTION: PROHIBITS INVALIDATING
PROPORTIONAL VOTER-APPROVED TAX CUTS
FOR SPECIFIED REASONS

RESULT OF "YES" VOTE: "Yes" vote prohibits invalidating proportional, voter-approved tax cuts because middle-, upper-class taxpayers benefit.

RESULT OF "NO" VOTE: "No" vote leaves constitution without provision prohibiting invalidation of certain proportional, voter-approved tax cuts.

SUMMARY: Amends constitution. The constitution now says nothing about the invalidation of proportional, voter-approved tax cuts. The measure would prohibit invalidating any proportional, voter-approved tax cut, including an increase in an allowed deduction or subtraction from income, because it benefits taxpayers in the middle class or above. The measure would apply notwithstanding any other measure passed in the same election. The measure does not define "proportional, voter-approved tax cut."

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**LEESON, J.,** specially concurring.

I agree with the majority that the Attorney General's certified ballot title complies substantially with the requirements of ORS 250.035 (1997). I disagree with the majority that it is appropriate for this court, in this proceeding, to engage in the interpretive exercise that it does to come to that conclusion. Accordingly, I concur only in the result.

The text of the measure at issue consists of one sentence:

"Notwithstanding any other measure passed in the same election, a proportional, voter-approved tax cut, including an increase in an allowed deduction or subtraction from income, shall not be invalidated because it benefits middle class or above taxpayers."

Petitioner contends that, although the measure purports to protect "proportional" tax cuts, it also states that "proportional" tax cuts include deductions or subtractions from income. According to petitioner, under any reasonable definition of the word "proportional," deductions and subtractions never are proportional, so the wording of the proposed measure is misleading. That is, voters will not necessarily

understand that increases in deductions or subtractions from income do not yield "proportional" tax cuts. He argues that

> "most voters are not CPAs, or tax policy devotees. Many sane, intelligent voters could read this language and assume that increases in deductions or subtractions from income do, in fact, yield 'proportional' tax cuts."

The Attorney General responds that petitioner's argument "requires a disputable interpretation of the proposed measure's meaning." In the Attorney General's opinion, the phrase "proportional, voter-approved tax cut" in the measure may refer "only to those 'allowed increases' that are proportional in fact." The Attorney General contends that his certified ballot title has avoided giving an opinion about the meaning of the word "proportional," or an opinion about the implications of the syntactical structure of the measure. Rather, he notes, he has identified the subject of the measure as proportional voter-approved tax cuts, he has repeated the syntax that is employed in the measure in his ballot title summary, and he has explained that the key word, "proportional," is not defined in the measure.

The majority resolves the debate between petitioner and the Attorney General about the meaning of the measure. It holds that the Attorney General's ballot title should be certified as written because the measure admits of only one plausible interpretation. Although the majority might concede that not all voters are CPAs or tax policy devotees, it apparently believes that they *are* old-fashioned grammarians who readily will understand that the use of the word "including," the present participial form of the verb "include," in the subordinate clause in the measure means that "only those deductions or subtractions from income that fit the description in the independent clause * * * truly are 'proportional[.]' " 330 Or at 158.

In my view, petitioner has made a credible argument that voters who are not well-schooled in English grammar could believe that, under this proposed measure, deductions or subtractions from income are "proportional" tax cuts. However, the Attorney General also has made a credible argument that the proposed measure can be read to mean that "proportional, voter-approved tax cut" applies only to

"allowed increases" that are in fact proportional. Because the Attorney General's reading of the proposed measure is reasonable, this court should certify the Attorney General's ballot title as complying substantially with the requirements of ORS 250.035 (1997).

Unfortunately, the majority not only certifies the Attorney General's ballot title, it uses this ballot title challenge proceeding to announce its interpretation of the proposed measure. In my view, it is not necessary or appropriate for this court in this ballot title proceeding to determine what the proposed measure means. Interpretation, should this proposed measure become part of the Oregon Constitution, is for another day. When, as here, the majority's interpretive exercise is not necessary to conclude that the Attorney General's ballot title complies substantially with the statutory requirements, doing so is inappropriate. *See Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 41, 902 P2d 1143 (1995) (in ballot title challenge cases, "our task is to see to it that the interpretive exercise be minimal").

Van Hoomissen, J., joins in this concurrence.